**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM FIRE & CASUALTY
COMPANY,

                       Plaintiffs,           **SUPPLEMENTAL REPORT AND**
                                                **RECOMMENDATION**

     -against-                               **17-CV-6519 (LDH) (ST)**

ELECTROPHYSIOLOGIC MEDICAL
DIAGNOSTICS, P.C.,
DINA S. NELSON, M.D.,
LIYE LI, M.D.,
JEAN BAPTISTE SIMEON, M.D.,
YUQING ZHANG, M.D.,
NABIL ELHADIDY, M.D., and
ELIZABETH CHANDLER, M.D.,

                       Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       In November 2017, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire & Casualty Company ("State Farm Fire" or, collectively, "State Farm") brought this action against the above-named Defendants seeking to recover fraudulently obtained insurance claim payments issued by Defendants. State Farm settled claims against all of the Defendants except Nabil Elhadidy and Jean Baptiste Simeon. In a decision dated March 29, 2019, this Court recommended finding Elhadidy and Simeon liable for common law fraud, dismissing the unjust enrichment and aiding and abetting fraud claims as duplicative, and deferring ruling on damages until State Farm put forth credible evidence on damages. *See* Report and Recommendation re Motion for Default Judgment, ECF No. 72, at 13 ("March 29 R&R"). Following State Farm's submission of supplemental evidence on damages, this Court respectfully recommends awarding damages in the amount of $52,384.18 against Elhadidy and

damages in the amount of $52,775.25 against Simeon.

### A. Discussion

This Court assumes familiarity with the underlying facts of the case. In the March 29 R&R, after finding liability for common law fraud, this Court found that State Farm's request for damages in excess of $420,000 encompassed behavior for which the defaulting Defendants, Elhadidy and Simeon, were not liable. *See* Memorandum in Support, ECF No. 70-1, at 2. State Farm's damages request included "all claims submitted by [Electrophysiologic Medical Diagnostics, P.C. ("Electro")] to [State Farm] . . . including those signed by providers other than [Elhadidy and Simeon]." March 29 R&R at 11. This Court found Elhadidy and Simeon were not jointly and severally liable for the other providers because State Farm had not properly plead a conspiracy claim. *Id.* Therefore, State Farm was instructed to "prepare separate charts of damages for [Elhadidy and Simeon] based on the fraudulent claims that [the respective physician] participated in preparing." *Id.* at 12.

As requested, State Farm filed a new damages request including only those claims where patients were personally examined by either Elhadidy or Simeon. *See* ECF No. 75. State Farm's revised request includes an affidavit prepared by Michael Knox, a State Farm Mutual employee of twenty-eight years who specializes in investigating suspicious claims. *Id.* at 1. Knox provides a detailed table for each provider containing the individual claim number, the patient's initials, date of service, payment date, check number, amount paid, and the insurance company (either State Farm Fire or State Farm Mutual). *Id.* at Exh. A, B.

State Farm has submitted sufficient documentation to support a damages award in the amount requested. The chart attached as Exhibit A ("Chart A") "identifies patients whom Elhadidy purported to examine and for whom Elhadidy purported to perform EDX Tests according to documents submitted by Electro in support of its claims for reimbursement." *Id.* at 2. "State Farm Mutual and State Farm Fire paid the amounts set forth in Exhibit A based on EDX Tests performed by Elhadidy and documents prepared by Elhadidy and submitted to Plaintiffs." *Id.* The chart attached as Exhibit B ("Chart B") "identifies patients whom Simeon

purported to examine and for whom Simeon purported to perform tests according to documents submitted by Electro in support of its claims for reimbursement." *Id.* "State Farm Mutual and State Farm Fire paid the amounts set forth in Exhibit B based on EDX Tests performed by Simeon and documents prepared by Simeon and submitted to Plaintiffs." *Id.* Similar documentation has been found sufficient by other courts when awarding damages for common law fraud. *See, e.g.*, *Allstate Ins. Co. v. Nazarov*, No. 11-CV-6187 (PKC) (VMS), 2015 WL 5774459, at *20–21 (E.D.N.Y. Sept. 30, 2015) (awarding damages for fraud claims where plaintiff supported request with affidavits and documentation); *Gov't Employees Ins. Co. v. Alrof, Inc.*, No. 11-CV-4028 (SLT) (RER), 2013 WL 9600668, at *10 (E.D.N.Y. July 19, 2013) (same); *see generally First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir. 1994) ("The general rule of fraud damages is that the defrauded plaintiff may recover out-of-pocket losses caused by the fraud." (citations omitted)).

Chart A shows that, based on Elhadidy's claims, State Farm Fire paid $33,817.02 and State Farm Mutual paid $18,567.16. *See* ECF No. 75 at 2, Exh. A. Chart B shows that, based on Simeon's claims, State Farm Fire paid $21,266.97 and State Farm Mutual paid $31,508.28. *Id.* at 2, Exh. B. I respectfully recommend that the District Court award the total amount requested by State Farm.

### B. Conclusion

State Farm Fire should be awarded $33,817.02 by Elhadidy and $21,266.97 by Simeon; State Farm Mutual should be awarded $18,567.16 by Elhadidy and $31,508.28 by Simeon. In total, this Court respectfully recommends that damages be entered in the amount of $52,384.18 against Elhadidy and $52,775.25 against Simeon.

Counsel for State Farm is directed to serve this Report and Recommendation on Elhadidy and Simeon at their respective last known addresses and to file proof of service with the Court within five (5) business days.

### C. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       September 17, 2019